IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PHILLIP NORTH, et al. | ) |
| | ) |
| v. | ) NO. 3-12-1057 |
| | ) JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) |

## MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss (Docket No. 13). The Court heard argument on the Motion on February 13, 2013. For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

## FACTS

Plaintiffs allege that they sustained property damage as a result of the May 2010 Cumberland River flood and that Defendant, through the U.S. Corps of Engineers and the National Weather Service, caused their injury. Plaintiffs' Complaint is brought pursuant to the Federal Tort Claims Act and asserts claims of negligence, gross negligence, trespass to chattel and private nuisance.

Defendant has moved to dismiss this action, arguing that this Court lacks subject matter jurisdiction because Plaintiffs failed to exhaust their required administrative remedies before filing this lawsuit.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## FEDERAL TORT CLAIMS ACT

Under the Federal Tort Claims Act ("FTCA"), a tort action shall not be instituted against the United States for money damages unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency. "The failure of the agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of exhaustion." 28 U.S.C. § 2675(a).

Here, the parties do not dispute that Plaintiffs filed their lawsuit 182 days after the filing of their administrative claim. Plaintiffs argue that "six months" in the above statute equals 180 days. Defendant contends that "six months" means six months, and Plaintiffs filed this action prematurely.

The Supreme Court has stated that the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. *McNeil v. United States*, 113 S.Ct. 1980, 1984 (1993). The Court in *McNeil* also stated that Congress intended to require complete exhaustion before invocation of the judicial process. *Id*.[1]

---

[1] Nowhere in *McNeil* does the Court say "180 days" as represented by the Plaintiffs.

The Court finds that "six months" in this statute means six months, not 180 days. Had Congress intended for the time to equal 180 days, it could have said "180 days." Not every month has 30 days, so 180 days may or may not equal six months, depending upon which months are involved. More importantly, however, the statute says "six months."

The Court has no discretion to alter the time period required by statute. *Hughes v. Wilson*, 2005 WL 1620410 at * 2 (S.D. Ohio July 5, 2005). To do so would impermissibly expand the scope of this Court's limited jurisdiction as defined by Congress. *Id*. (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 114 S.Ct. 1673 (1994)).[2]

Plaintiffs were required to wait at least six months after they filed their administrative claim before filing this FTCA lawsuit, and they did not. Therefore, the Court lacks jurisdiction to hear their case.

## CONCLUSION

For these reasons, Defendant's Motion to Dismiss (Docket No. 13) is GRANTED. Accordingly, this action is DISMISSED for lack of subject matter jurisdiction.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[2] In *Otten v. Bullock*, cited by Plaintiffs, the Court did not state that "district courts have no jurisdiction over a FTCA action which is filed prior to the passage of 180 days after a tort claim is received by an agency." That assertion was made by a party to the lawsuit.